# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,

          Appellant,

      v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,

          Agency.

DOCKET NUMBER
DE-3330-15-0396-I-1

DATE: April 18, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Duane Phillips</u>, Rockville, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) without a hearing. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* <u>5 C.F.R. § 1201.117</u>(c).

decision, and REMAND the case to the field office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant, a five-point preference-eligible veteran, submitted applications for both a merit promotion and a competitive vacancy announcement for a Public Health Advisor GS-12/13 position.  Initial Appeal File (IAF), Tab 6 at 27-33, Tab 14 at 9-15.  In its initial notice of results, the agency informed the appellant that he was not "VEOA eligible."  IAF, Tab 12 at 16.  The appellant subsequently exhausted his remedies with the Department of Labor (DOL), and the agency agreed to resolve his complaint by properly referring his application to the hiring board as a preference eligible.  *See Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-15-0106-I-1, Initial Decision (Mar. 25, 2015).  The appellant filed a VEOA appeal challenging the agency's initial eligibility determination, but the administrative judge denied the appellant's request for corrective action, finding, inter alia, that the agency recognized its error and corrected it and that the appellant had suffered no damage as a result because he still was being considered for the position.  *Id.* at 4-5.  The appellant did not file a petition for review of that initial decision.

¶3      The agency interviewed the appellant for a position under the merit promotion announcement, IAF, Tab 8 at 58-81, and eventually hired two other candidates, neither of whom was preference eligible.  *Id.* at 5.  The appellant filed the instant appeal after exhausting his remedy a second time with DOL.  IAF, Tab 1.  In his appeal, he alleged that the agency did not consider his military experience, engaged in prohibited personnel practices, and failed to comply with Office of Personnel Management (OPM) regulations regarding the selection process.  *Id.*  The agency responded that, under merit promotion procedures, it was required to provide the appellant only the right to compete for the vacancy when it accepted applications from outside its own workforce and was not

required to select a preference eligible over another candidate. IAF, Tab 14 at 5. The agency further argued that it complied with VEOA by referring the appellant to the selecting official and giving him an interview. *Id*. at 6.

¶4        The administrative judge issued an initial decision finding that, although the Board had jurisdiction over the appeal pursuant to 5 U.S.C. § 3330a(a)(1)(A), there was no genuine issue of material fact requiring a hearing, and denying the appellant's request for corrective action under VEOA based upon the parties' written submissions. IAF, Tab 17, Initial Decision (ID). Specifically, he found that the appellant's status as a veteran did not afford him a priority in the selection process at issue and that the agency clearly showed that he was otherwise afforded a legitimate opportunity to compete. ID at 4-5. He also found that, contrary to the appellant's arguments, the agency's initial mistake in finding that he was not a preference eligible did not entitle him to priority consideration. ID at 5-6.

¶5        The appellant has filed a timely petition for review in which he appears to assert that: (1) the administrative judge was biased in favor of the agency; (2) the agency should have provided him priority consideration, regardless of whether the selection was made from a merit promotion list; and (3) the interview he received was not genuine. Petition for Review (PFR) File, Tab 1 at 7-8, 12, 17, 19. He also argues that the Board should remand the appeal for a hearing. *Id*. at 21-22. In support of his entitlement to a hearing, he asserts that he received a hearing in a Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) appeal regarding the same announcement. *Id*. at 19. The agency has not responded to the appellant's petition for review.

¶6        Contrary to the appellant's argument on review, PFR File, Tab 1 at 16-17, we agree with the administrative judge that he was not entitled to priority consideration. ID at 5-6. The administrative judge noted the appellant's argument that he was entitled to priority consideration because of the agency's

initial mistake in finding that he was not a preference eligible and characterized this argument as relying on the OPM's Delegated Examining Operations Handbook (DEOH). *Id.* (citing OPM, DEOH, 2007: A Guide for Federal Agency Examining Offices (May 2007), Chapter 6, Subsection E, *available at* http://www.opm.gov/deu/handbook_2007/deo_handbook.pdf). The DEOH, Chapter 6, Subsection E defines priority consideration as "a special placement priority that is given to an eligible [veteran], who was previously denied consideration due to an administrative error or law or regulatory violation." However, the administrative judge found that this provision did not apply to this case because: (1) the DEOH does not apply to merit promotions; and (2) the instant case does not involve the "denial of consideration" as the agency's error in finding that the appellant was not a preference eligible was corrected in time for him to be considered and interviewed for the position. ID at 6. We see no reason to disturb this finding. *See* DEOH, Introduction, Chapter 6, Subsection E.

¶7        We also find that the appellant has not shown that the administrative judge was biased. PFR File, Tab 1 at 7-8. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *See Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The appellant's conclusory allegations do not meet this heavy burden. *Asatov v. Agency for International Development*, 119 M.S.P.R. 692, ¶ 14 (2013) (finding that, when the record reflected merely the appellant's dissatisfaction with the administrative judge's adjudicatory rulings in his VEOA appeal, he did not establish bias on the administrative judge's part), *overruled on other grounds by Dean v. Department of Labor*, 122 M.S.P.R. 276, ¶ 15 n.6 (2015).

¶8        The appellant argues that the interview he received was not genuine because the agency already had offered the position to another applicant. PFR File, Tab 1 at 17-18. A preference-eligible veteran must be afforded the right to compete under merit promotion procedures for vacancies for which an agency is accepting

applications from outside its workforce. *Dean v. Office of Personnel Management*, 115 M.S.P.R. 157, ¶ 28 (2010) (citing 5 U.S.C. § 3304(f)(1); 5 C.F.R. § 335.106). To comply with veterans' preference statutes and regulations, an agency must provide a veteran with a bona fide opportunity to compete. *See Phillips v. Department of the Navy*, 114 M.S.P.R. 19, ¶ 21 (2010). For the reasons set forth below, we find that the appellant is entitled to a hearing regarding his claim that the agency did not provide him a bona fide opportunity to compete.

¶9    The selecting official made initial selections on November 24, 2014, IAF, Tab 12 at 9, more than 1 week before the agency corrected the error regarding the appellant's VEOA eligibility, *id.* at 16. After determining that it erroneously had excluded the appellant from consideration, the agency interviewed the appellant. IAF, Tab 8 at 58-81. The same panel that interviewed the appellant also interviewed other candidates, including the selectees. *Compare* IAF, Tab 8 at 34-57 (interview notes for selectee V.A.), *with* IAF, Tab 8 at 58-61 (interview notes for the appellant). The agency asserted that the panel fairly considered the candidates but that the appellant was not selected because he scored lower than the other candidates on his interview. IAF, Tab 8 at 7. However, it is unclear from the record whether the agency actually offered the position to the individuals identified in the selecting official's November 24, 2014 email and, if so, whether such offers were rescinded before the agency interviewed the appellant.[2]  Thus, it is not entirely clear from the existing record that the appellant's opportunity to compete was bona fide.

¶10    The Board has the authority to decide the merits of a VEOA appeal without a hearing if there is no genuine dispute of material fact and one party must prevail

---

[2] The agency made several representations about the selection process in pleadings below. IAF, Tabs 8, 14. However, the statements of a party's representative in a pleading do not constitute evidence. *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995).

as a matter of law.  *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008).  We find that there is a genuine dispute of material fact regarding the process by which the agency made its selections after determining that it had erred initially by excluding the appellant from consideration.  We therefore remand the appeal to the field office for a hearing.  Although it is entirely possible that the agency provided the appellant with a bona fide opportunity to compete for the position at issue in this case, *see Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139, ¶ 13 (2008) (finding that the appellant was not denied the right to compete for the position at issue when he was interviewed for the position and his name was among those forwarded to the selecting official for consideration), we cannot conclude from the existing record that the agency must prevail as a matter of law.[3]

### ORDER

¶11     For the reasons discussed above, we remand this case to the field office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.

---

[3] In his petition for review, the appellant refers to evidence, including hearing testimony, that appears to be part of the record in his USERRA appeal.  PFR File, Tab 1 at 15.  If the appellant wishes to have any such evidence considered in this appeal, he should submit it on remand.